IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DANNY SAMPLEY                                                          PLAINTIFF

v.                                CIVIL NO. 04-2276

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                         DEFENDANT

## **MEMORANDUM OPINION**

Plaintiff Danny Sampley brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration denying his applications for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). Plaintiff moves to supplement the record with additional medical evidence and to have his case remanded to the Commissioner for consideration of this evidence. (Doc. # 8-9). Defendant has submitted an appeal brief and a response in opposition of plaintiff's motion. (Doc. # 10).

Plaintiff filed his applications for DIB and SSI on November 5, 2002, alleging an inability to work since September 16, 2002, due to severe back and hip pain and depression. (Tr. 97-99). The ALJ, in a written decision dated October 15, 2003, concluded that plaintiff was not disabled, as he retained the residual functional capacity (RFC) to perform a wide range of sedentary work. (Tr.38-47). The ALJ, with the use of the Medical-Vocational Guidelines (Grids), found plaintiff was not disabled. (Tr. 46).

The evidence which plaintiff now moves to supplement the record with and have considered on remand consists of treatment from Dr. Larry G. Armstrong dated September 25,

2003, and March 17, 2004; progress notes from Cornerstone Family Clinic from July of 2004, through December of 2004; emergency room report dated November 6, 2003; x-rays of plaintiff's lumbar spine dated March 24, 2004; a medical source statement completed by Dr. Armstrong dated December 30, 2004, indicating plaintiff can perform less than sedentary work; and treatment notes from Dr. Donald S. Chambers.[1]

Reviewing courts have the authority to order the Commissioner to consider additional evidence but "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Woolf v. Shalala*, 3 F.3d 1210 (8th Cir. 1993); *Chandler v. Secretary of Health and Human Servs.,* 722 F.2d 369, 371 (8th Cir. 1983). "To be material, new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the Commissioner's determination." *Woolf,* 3 F.3d at 1215.

With the exception of the progress notes dated September 25, 2003,[2] the evidence plaintiff now provides did not exist on October 15, 2003, when the ALJ issued his decision, and that fact serves as cause sufficient to excuse plaintiff's failure to include these records in the administrative proceedings. *Goad v. Shalala*, 7 F.3d 1397, 1398 (8th Cir. 1993)(*citing Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991)).

---

[1] Plaintiff's counsel is reminded additional medical evidence should be submitted in chronological order without duplication of the evidence already before the court.

[2] Plaintiff submitted this evidence to the Appeals Council. The Appeals Council found this evidence along with the remaining evidence submitted did not pertain to the relevant time period. (Tr. 4).

AO72A
(Rev. 8/82)

Next, we consider the issue of materiality. "Medical evidence obtained after an ALJ decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision." *Thomas*, 928 F.2d at 260 (*quoting Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990)). Defendant argues that the medical evidence submitted is dated after the ALJ's determination and is therefore not relevant to the ALJ's decision in the case presently before this court. Defendant specifically addresses the medical source statement dated December 30, 2004, and argues that it was completed by a Dr. Arthur Johnson, a doctor that never treated plaintiff. However, this statement was completed by Dr. Armstrong the surgeon who performed plaintiff's back surgery in March of 2003, and who has followed plaintiff's progress since that time. While this statement was completed on December 30, 2004, Dr. Armstrong clearly indicates this statement is an assessment for the time period of 2003, through 2004. After reviewing the entire record, we find that remand is appropriate for consideration of the additional medical evidence, as this evidence appears to indicate that plaintiff's impairments impose limitations that were possibly more severe during the time period in question than the evidence before the ALJ indicated. *See Geigle v. Sullivan*, 961 F.2d 1395, 1396-1397 (8th Cir. 1992).

Based on the foregoing, we remand this case to the Commissioner for consideration of additional evidence pursuant to sentence six of 42 U.S.C. § 405(g).

DATED this 23rd day of January 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

.

3

AO72A
(Rev. 8/82)